J. Curtis Edmondson (CSB 236105)
Edmondson IP Law
Wilshire Professional Building
9999 SW Wilshire St. Suite 216
503-336-3749/ FAX: (503) 482-7418
jcedmondson@edmolaw.com

*Attorney for Defendant*
Zafer Kaldirim, an individual;
Beast Group LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Nese Altinel, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Zafer Kaldirim, an individual;<br>Beast Group LLC a California Limited<br>Liability Company,<br><br>Defendants. | No. 30-2023-01362055-CU-BC-CJC<br><br>**NOTICE OF REMOVAL OF THIS ACTION TO FEDERAL COURT** |

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Zafar Kaldirim, Beast Group LLC ("Beast"), hereby remove this civil action from the Superior Court of California, Orange County, where it is currently pending as Case No. 30-2023-01362055-CU-BC-CJC, to the United States District Court for the Central District of California.

1. Plaintiff commenced this action on November 8, 2023, by filing a Complaint in the Superior Court of California for the County of Orange.

1

2. Plaintiff served a copy of the summons on Beast on November 8, 2023.

3. The Plaintiff asserts claims for (1) Breach of Contract against Beast; (2) Breach of Fiduciary duty against Beast; (3) Fraud against Beast; (4) Negligent Misrepresentation against Beast; (5) Conversion against Beast.

**I.      This Court has original jurisdiction over this action.**

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States."

**A.  A sufficient amount is in controversy.**

5. The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff seeks to recover Actual damages minimum of $265,000.00.

6. In addition, Plaintiff seeks Prejudgment interest, and post-judgment interest on such monetary relief.

7. Plaintiff also seeks the costs of bringing this suit, including reasonable attorneys` fees.

8. Plaintiff also seeks Treble damages due to the alleged fraud.

**B.  The parties are diverse.**

9. Complete diversity of citizenship exists between Plaintiff and properly named Defendants.

10. Plaintiff, Nese Altinel, is and at all relevant times was a resident of Irvine, Orange County state of California. However, she has a E-2 visa which means that she is not a permanent resident of the United States.

11. E-2 visa is a non-immigrant visa, and so it is temporary and does not lead to permanent residence. Therefore, Plaintiff, Nese Altinel is not a permanent resident of the United States.

12. Defendant, Zafer Kaldirim, is and, is and at all relevant times a resident of Irvine, Orange County, California. He is the only member and registered agent of Beast.

13. At the time this lawsuit was filed and at all times since, Beast Group LLC is a California Limited Liability Company. The sole member of Beast Group LLC is Zafer Kaldirim who is a permanent resident of Irvine, Orange County, California, United States of America. Zafer Kaldirim has no intention of leaving the United States for any other country for residency.

**C.  All other requirements for removal are satisfied.**

14.  All properly joined and served defendants join in this removal. 28 U.S.C. § 1446(b)(2)(A).

15.  This Notice of Removal is timely filed. Each defendant has "30 days … after receipt … of the initial pleading … to file a notice of removal." 28 U.S.C. § 1446(b)(2)(B). Defendants were served on November 8, 2023. This Notice of Removal is filed within 30 days of that date.

16.  This Court is a proper venue for this action, pursuant to 28 U.S.C. § 1441(a). The United States District Court for the Central District of California embraces the County of Orange, where the state court action is now pending. 28 U.S.C. § 84(a).

17.  No previous application has been made for the relief requested herein.

18.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, writ of attachment and orders served upon Defendants, including the Summons and Complaint, is attached hereto as Exhibit A and Exhibit B.

19.  Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing Notice of Removal and the Notice of Removal will be served upon counsel for Plaintiff and will be filed with the clerk of the Superior Court for the County of Orange.

Notice of Removal

1

2      Dated: November 11, 2023

3                                              Respectfully submitted,

4                                              /s/ J. Curtis Edmondson
                                               J. Curtis Edmondson (CSB 236105)
5                                              Edmondson IP Law
                                               9999 SW Wilshire St, Suite 216
6                                              Portland, OR 97225
                                               P: 503-336-3749
7                                              E: jcedmondson@edmolaw.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Removal

# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 12/08/2023 02:21:26 PM.
30-2023-01362055-CU-BC-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By S. Burns, Deputy Clerk.
Case 8:24-cv-02389 Document 1 Filed 11/01/24 Page 6 of 67 Page ID #:6

SARI LAW FIRM
Yakup Sari, Esq. [SBN 336030]
540 N Golden Circle Drive, #303
Santa Ana CA, 92705
Tel: (949) 426-5071
info@sarilaw.us

Attorneys for Nese Altinel

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF ORANGE- CENTRAL JUSTICE CENTER**

| | |
|---|---|
| Nese Altinel, an individual, | CASE NO.: 30-2023-01362055-CU-BC-CJC |
| Plaintiff, | Assigned for All Purposes |
| vs. | **COMPLAINT** Judge Scott Steiner |
| Zafer Kaldirim, an individual; Beast Group LLC a California Limited Liability Company, Does 1-10; Defendants. | **1.** **Breach of Contract;** **2.** **Breach of Fiduciary Duty;** **3.** **Fraud;** **4.** **Negligent Misrepresentation;** **5.** **Conversion** |

## I. PARTIES

1. Plaintiff, Nese Altinel, is and at all relevant times was a resident of Irvine, Orange County state of California.

2. Defendant, BEAST GROUP, LLC, hereinafter "Beast" a California Limited Liability Company located at 3100 S Mooney Blvd., Visalia, CA, 93277.

3. Defendant, Zafer Kaldirim, is and, is and at all relevant times a resident of Irvine, Orange County, California. He is the only member and registered agent of Beast.

## II.   PARTIES

4. Plaintiff, Neşe Altinel (hereinafter referred to as "Altinel"), is an individual residing in Irvine, Orange County California. She is an investor and was promised and guaranteed a partnership with Beast Group LLC upon her substantial investment in the company.

5. Defendant, Zafer Kaldirim (hereinafter referred to as "Mr. Kaldirim"),, is an individual residing in Irvine Orange County California. Mr. Kaldirim played a pivotal role in the negotiations,

1

agreements, and subsequent breaches that give rise to this action.

6. Defendant, Beast Group LLC, is a California Limited Liability Company, operating primarily in Visalia, Tulare County California The company was the beneficiary of Ms. Altinel's investment and had contractually agreed to provide her with a membership stake.

7. Plaintiff is informed and believes, and based thereon alleges that DOES 1 through 10, inclusive (hereinafter referred to as "Does"), are or were individuals and/or are or were doing business at all times herein mentioned and material hereto in the State of California, and are/were the alter ego, agent, managing agent, principal, owner, partner, joint venture, representative, manager, and/or co-conspirator of each of the other Defendant, and were at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization, and consent of each defendant designated herein. The true names and capacities, whether individual, corporate or associate or otherwise, designated herein as Does, are unknown to Complainant at this time; therefore, Complainant sues said Does by such fictitious names and will ask leave of Court to amend this Complaint to show their true names and capacities when ascertained.

8. Complainant is informed and believes, and based thereon alleges, that all Defendants, at all times herein mentioned, were acting as the agents, employees and/or co-conspirators of each other, and that at all times herein mentioned, all Defendants herein ratified, authorized, knew about, should have known about, and condoned the acts of each and every other defendant.

### III.    JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to the laws of the State of California as the causes of action asserted herein arose within this state. The Court has personal jurisdiction over the defendants because the events giving rise to this lawsuit occurred in this county, since Defendant Zafer Kaldirim either resides or conducts business in this county.

10. Venue is proper in this county because a substantial portion of the events or omissions giving rise to the claims occurred herein, and the Defendants operate, do business, or reside in this county.

///

///

1

2
### IV. **FACTUAL BACKGROUND**

11. Mrs.Altinel, with intention of investing in the USA, sought to acquire returns on her
3
investment and also aimed to obtain an E-2 Investment Visa to be able to legally reside in the US.

4
12. In or about January 2022, Ms. Altinel and her husband were introduced to Zafer Kaldirim,
5
Zafer Kaldirim convinced Altinel that she could invest money into his company Beat Group, Inc
6
which does Airsoft Business, and receive an E-2 Visa. Altinel invested more than 400,000.00
7
dollars into the business and owned %50 of Beat Group Inc`s shares.

8
13. Since Altinel and her husband are in the business of the gun industry, they wanted to do
9
business in the gun industry, too. They informed of Mr. Kaldirim their intention and Mr. Kaldirim
offered them to form a new partnership on a different Company which is called Beast Group, LLC.
10

11
14. The essential terms of the Stock Purchase Agreement signed on December 12, 2022, were
clear: Ms. Altinel would invest $300,000.00 Altinel and become a 50(fifty) percent member of
12
Beast Group, LLC. When the first installment was made in the amount of 150,000.00 dollars Mr.
13
Kaldirim would take necessary actions to make Mrs. Altinel a member of the Beast. ***See, Exhibit A.***

14
15. Adhering to the agreement, Ms. Altinel transferred $190,000 to Beast Group LLC and
15
handed to Mr. Kaldirim 75,000.00 dollars in cash. (***See, Exhibit B)***. Despite these substantial
16
contributions, Defendant Zafer Kaldirim did not honor the agreement, failing to grant Ms. Altinel
17
her promised partnership.

18
16. Mrs. Altinel`s Husband Koray Altinel repeatedly asked whether Mr. Kaldirim take
19
necessary actions to make Mrs. Altinel %50 member of Beast Group, LLC in March 2023, April
20
04, 2023, July 03, 2023, and August 29, 2023 through messages and various phone calls. However,
Mr. Kaldirim failed to make Mrs. Altinel member of Beast Group, LLC. Koray Altinel has been
21
trying to contact  Mr. Kaldirim regarding in in person meeting for more than two months.
22

23
17. Throughout her association with BEAST GROUP LLC, and BEAT GROUP, INC. Ms.
Altinel was consistently kept in the dark  regarding crucial decision making mechanism and
24
critical  financial  data.  The  company systematically concealed accurate financial information
25
about its true earnings and losses from her. Altinel lost her trust in her potential partner in BEAST
26
GROUP, LLC due to the aforementioned facts.

27
18. Mr. Kaldirim sold at least two branches of BEAT GROUP, INC`s airsoft stores without
28
getting the consent of Mrs. Altinel. Shareholders are currently dealing with the legal issues between

them regarding the unauthorized actions of Mr. Kaldirim in BEAT GROUP, INC.

19. Due to these serious miscommunications and lost trust on Mr. Kaldirim, Mrs. Altinel would like to compensate for the investments that she made to Beast Group, LLC.

### IV. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

### (BREACH OF CONTRACT against all Defendants)

20. Plaintiff restates and realleges each and every paragraph of this complaint as though fully set forth at length and incorporates the same herein by reference.

21. Plaintiff alleges the existence of a binding contract between herself and the Defendants. This contract, whether oral or written, stipulated the terms of Ms. Altinel's investment in Beast Group LLC and her subsequent acquisition of partnership in the company.

22. The essential terms of the contract were clear: Ms. Altinel would invest $300,000.00. Altinel and become the 50(fifty) percent shareholders of Beast Group, LLC. When the first installment happened, Mr. Kaldirim would take necessary actions to make Mrs. Altinel the member of Beast. Altinel wired $190,000.00 and handed $75,000.00 cash to Beast Group LLC.

23. Ms. Altinel substantially performed her obligations under the contract by transferring the agreed-upon amounts and providing the specified equipment to Beast Group LLC.

24. Contrary to the agreement, Defendants failed to grant Ms. Altinel her rightful partnership, sold off parts of the business without her consent, and withheld her critical company information and profits.

25. As a direct result of the Defendants' breach, Ms. Altinel has suffered significant financial losses, a minimum of 265,000.00, and the exact damages will be proven at the time of trial.

26.  Plaintiff restates and realleges each and every paragraph of this complaint as though fully set forth at length and incorporates the same herein by reference.

### SECOND CAUSE OF ACTION

### (BREACH OF FIDUCIARY DUTY against all Defendants)

27. Plaintiff restates and realleges each and every paragraph of this complaint as though fully set forth at length and incorporates the same herein by reference.

28. Plaintiff alleges that a fiduciary relationship existed between her and the Defendants due to their partnership in Beat Group, Inc., her significant investment, and her anticipated role as a

1  partner in Beast Group LLC.

2  29.  Given this relationship, Defendants owed Ms. Altinel a heightened duty of care, loyalty,

3  and good faith. They were obliged to act in her best interests, provide her with full and accurate

4  information regarding the company's operations and finances, and include her in major decision-

5  making processes.

6  30.  Defendants breached their fiduciary duties by: misrepresenting the financial health of the

7  company, withholding critical company and financial information from Ms. Altinel, selling

8  company assets without her knowledge or consent, and failing to grant her the partnership stake she

9  was contractually promised.

10  31. Due to the Defendants' breaches of their fiduciary duties, Ms. Altinel has incurred

11  substantial financial losses and emotional distress. She seeks compensatory damages in an amount

12  to be determined at trial, along with any other remedies the Court deems just and appropriate.

13  32. As a direct result of the Defendants' breach, Ms. Altinel has suffered significant financial

14  losses, a minimum of 265,000.00, the exact damages will be proven at the time of trial.

### THIRD CAUSE OF ACTION

### (FRAUD against all Defendants)

16  33. Plaintiff restates and realleges each and every paragraph of this complaint as though fully

17  set forth at length and incorporates the same herein by reference.

18  34. Plaintiff alleges that a fiduciary relationship existed between her and the Defendants due to

19  their partnership in Beat Group, Inc., her significant investment, and her anticipated role as a

20  partner in Beast Group LLC.

21  35. Defendant Mr. Kaldirim misrepresented that when Mrs. Altinel invested in the Beast Group,

22  LLC in the amount of $300,000.00, Mrs. Altinel would be one of the members of BEAST.  Mr.

23  Kaldirim promised her that he would take necessary actions with the Secretary of State when she

24  transferred 150,000.00 dollars to make her partner in Beast. Even though Mrs. Altinel invested in

25  Beast 265,000.00 dollars, she was not granted membership to Beast. In addition to that, there has

26  been a serious miscommunication and lack of communication going on between Mr. Kaldirim and

27  Mrs. Altinel.

28  36. Mr. Kaldirim`s misrepresentations were material. If Mr. Kaldirim wouldn`t represent that

Altinel would be the member to Beast, Altinel wouldn`t have invested 265,000.00 dollars.

37. Mr. Kaldirim intended to induce Mrs. Altinel to invest into the LLC by representing the fact that she is going to be a member of Beast and they will do business in the gun industry together. Mr. Kaldirim had reasons to expect that Altinel would rely on misrepresentations that he made to Altinel because the business relationship started in 2022 and Mrs. Altinel received E-2 Visa with the help of Zafer Kaldirim and Elsie Kaldirim, wife of Zafer Kaldirim.

38. Altinel reasonably relied upon the representations of Kaldirim because of the existing business relationship in Beat Group, Inc.

39. Altinel has been substantially harmed by Kaldirim and Beast Group LLC`s misrepresentations because Altinel invested 265,000.00 dollars.

40. As a direct result of the Defendants' fraud, Ms. Altinel has suffered significant financial losses, a minimum of 265,000.00, the exact damages will be proven at the time of trial.

**FOURTH CAUSE OF ACTION**

**(NEGLIGENT MISREPRESENTATION against all Defendants)**

41. Plaintiff restates and realleges each and every paragraph of this complaint as though fully set forth at length and incorporates the same herein by reference.

42. Plaintiff alleges that a fiduciary relationship existed between her and the Defendants due to their partnership in Beat Group, Inc., her significant investment, and her anticipated role as a partner in Beast Group LLC.

43. Defendant Mr. Kaldirim misrepresented that when Mrs. Altinel invested into the Beast Group, LLC in the amount of $300,000.00, Mrs. Altinel would be one of the members of BEAST. Even though Mrs. Altinel invested in Beast, she was not granted the membership to Beast. In addition to that, there has been a serious miscommunication and lack of communication going on between Mr. Kaldirim and Mrs. Altinel.

44. Mr. Kaldirim`s misrepresentations were material. If Mr. Kaldirim wouldn`t represent that Altinel would be the member to Beast, Altinel wouldn`t have invested 265,000.00 dollars.

45. Mr. Kaldirim intended to induce Mrs. Altinel to invest into the LLC by representing the fact that she is going to be a member of Beast. Mr. Kaldirim had reasons to expect that Altinel would rely on misrepresentations that he made to Altinel because of the business relationship started in 2022.

///

46. Altinel reasonably relied upon the representations of Kaldirim because of the existing business relationship.

47. Altinel has been substantially harmed by Kaldirim and Beast Group LLC`s misrepresentations because Altinel invested 265,000.00 dollars.

48. As a direct result of the Defendants' negligent misrepresentation, Ms. Altinel has suffered significant financial losses, a minimum of 265,000.00, the exact damages will be proven at the time of trial.

## FIFTH CAUSE OF ACTION
### (CONVERSION against all Defendants)

49. Plaintiff restates and realleges each and every paragraph of this complaint as though fully set forth at length and incorporates the same herein by reference.

50. Plaintiff transferred $190,000 to Beast Group LLC as per the agreement. Plaintiff also provided $75,000 worth of tactical equipment to Defendant Beast Group LLC. Defendant, Mr. Zafer Kaldirim, received $75,000.00 in cash from Plaintiff to put into the Beast.

51. Despite these contributions, Defendants failed to grant Plaintiff her promised 50% partnership in Beast Group LLC, thus converting her funds for their use and benefit.

52. As a result of Defendants' wrongful conversion of funds and property, Plaintiff has suffered financial losses and damages.

53. Plaintiff has demanded that Defendants rectify their conversion of funds and property, but Defendants have refused to do so.

54. As a direct result of the Defendants' unlawful actions, Ms. Altinel has suffered significant financial losses, a minimum of 265,000.00, the exact damages will be proven at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Neşe Altinel respectfully requests that this Court grant the following relief:

A.  Actual damages minimum of 265,000.00, statutory damages, punitive or treble damages, and such other relief as provided by the statutes cited herein;

B. Prejudgment interest, and post-judgment interest on such monetary relief;

C. The costs of bringing this suit, including reasonable attorneys` fees;

D. Treble damages due to the fraud;

1      D. All other relief to which Plaintiff may be entitled at law or equity.

2

3

4

5                                                   Respectfully,

6

Dated: November 6, 2023                             By:/s/Yakup Sari
7                                                   Yakup Sari, Esq.
8                                                   Attorney for Nese Altinel

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## STOCK (SHARES) PURCHASE AGREEMENT

**I. THE PARTIES.** This Stock (Shares) Purchase Agreement ("Agreement") is dated as of March 1st, 2022 and is made and entered into by and between:

Buyer: _**Nese ALTINEL**_____, with a mailing address of _**Alacaatli Mah. 3346 Cad. No:12 D Blok No:22 Cankaya, Ankara, Turkey**_____, ("Buyer"), and

Seller: **Zafer Kaldirim**, with a mailing address of **2306 S WOODLAND ST, VISALIA, CA 93277**, ("Seller").

Buyer and Seller shall be collectively known as the "Parties" and agree to the following:

**II. DESCRIPTION OF SHARES.** The shares to be exchanged are described as:

Entity Name: **BEAST GROUP LLC.** ("Business Entity")

Entity Mailing Address: **1920 W Princeton Ave Ste A-4 Visalia CA 93277**

State of Incorporation/Organization: **CALIFORNIA**

Price ($) per Share: _**1200**_/ share

Number of Shares: __**250**_____

Class/Series: A

The Seller agrees to sell the above-described shares of stock ("Shares of Stock").

**III. PURCHASE PRICE.** The purchase price for the Shares of Stock shall be **Three-Hundred Thousand Dollars ($300,000.00)**. The Purchase Price shall be paid to the Seller on the Closing Date.

Payment will be made in two equal payments of **Hundred Fifty Thousand Dollars ($150,000 USD).**

**First payment will be made on or before _____**

**Second payment will be made on or before_____**

**IV. CLOSING DATE.** The closing shall occur on or before _____2022 ("Closing Date") at a time and location agreeable by the Parties. On the Closing Date, the Buyer shall deliver the full amount of the Purchase Price in any of the following methods:

**BANK WIRE**

**Routing Number:** 322271627 **Account Number:** 886967527 **SWIFT:** CHASUS33XXX

1 of 4

**V. DUE DILIGENCE PERIOD.** The Buyer: (check one)

___Requires a due diligence period to inspect the finances and agreements of the Business Entity. The decision as to whether the Shares of Stock is suitable for its intended purposes shall be the sole decision of Buyer, determined in the absolute discretion of Buyer, with Buyer's decision being final and binding upon the Parties. Buyer shall have until September 30th. 2022, at 05:00 PM (PDT) to notify Seller of its termination of this Agreement ("Inspection Period"). If the Buyer decides to terminate this Agreement during the Inspection Period, any Deposit made shall be returned to the Buyer.

___ Does not require a due diligence period to review the finances and agreements of the Business Entity.

**VI. DELIVERY.** The delivery of the Shares of Stock, along with any stock certificates, shall be transferred to the Buyer at Closing Date upon the funds being received by the Seller in an approved method.

**VII. AUTHORITY OF SELLER.** To induce the Buyer to enter into and perform its obligations under this Agreement, the Seller hereby represents and warrants to Buyer, and covenants with Buyer, as follows:

**a.) Capacity.** The Seller has all requisite power, authority, and capacity to enter into this Agreement. The execution, delivery, and performance of this Agreement by the Seller does not, and the consummation of the transaction contemplated hereby will not result in a breach of or default under any agreement to which the Seller is a party by which the Seller is bound.

**b.) Binding Agreement.** This Agreement has been duly and validly executed and delivered by the Seller and constitutes the Seller's valid and binding agreement, enforceable against the Seller in accordance with and subject to its terms.

**c.) Title to Shares of Stock.** The Seller is the lawful, record and beneficial owner of all the Shares of Stock, free and clear of any liens, claims, agreements, charges, security interests and encumbrances whatsoever. The sale, conveyance, assignment, and transfer of the Shares of Stock in accordance with the terms of this Agreement transfers to the Buyer legal and valid title to the Shares, free and clear of all liens, security interests, hypothecations or pledges.

**VIII. AUTHORITY OF BUYER.** To induce the Seller to enter into and perform their obligations under this Agreement, the Buyer represents and warrants to the Seller as follows:

**a.) Capacity.** The Buyer has all requisite power, authority, and capacity to enter into this Agreement. The execution, delivery, and performance of this Agreement by the Buyer

2 of 4

does not, and the consummation of the transaction contemplated hereby will not result in a breach of or a default under any agreement to which the Buyer is a party or by which Buyer is bound.

**b.) Correctness of Representations**.

No representation or warranty of either Seller or Buyer in this Agreement or any other information furnished by either party pursuant to this Agreement contains any untrue statement of material fact or fails to state any fact necessary in order to make the statements not misleading in any material respect. All statements, representations, exhibits, and other information provided by Buyer to Seller and by Seller to Buyer shall be true and correct on and as of the Closing Date as though made on that date

**c.) Disclosure.** The Buyer is aware of the risks involved in purchasing the Shares of Stock and accepts that its value can change rapidly and unpredictably.

**IX. DATE AND TIME.** Time is of the essence.

**a.) Calendar Days.** Calendar days shall represent all days of the year except Saturdays, Sundays, and Federal Holidays ("Calendar Days").

**b.) Effective Date.** The effective date of this Agreement shall be the day the Parties authorize this Agreement and acceptance has been given.

**X. GOVERNING LAW.** This Agreement shall be construed, interpreted and enforced in accordance with, and shall be governed by, the laws in the State of **CALIFORNIA** without reference to, and regardless of, any applicable choice or conflicts of laws principals.

**XI. COUNTERPARTS.** This Agreement may be executed in any number of counterparts and by the several parties hereto in separate counterparts, each of which shall be deemed to be an original, and all of which together shall constitute one and the same Agreement.

**XII. ENTIRE AGREEMENT.** This Agreement constitutes the entire understanding and agreement of the Parties relating to the subject matter hereof and supersedes any and all prior understandings, agreements, negotiations and discussions, both written and oral, between the Parties hereto with respect to the subject matter hereof.

**XIII. INDEPENDENT COUNSEL.**

Buyer acknowledges and agrees that he has been advised 10 obtain independent counsel and tax advisors to advise him as to the content and effects of this Agreement. Buyer also acknowledges and understands that Seller's attorney has acted as a representative only for the Seller and has not advised Buyer regarding this Agreement nor represented his interests.

**XIV. ATTORNEY FEES.**

If any legal action or other proceeding is brought to enforce the provisions of this Agreement, the prevailing party shall be entitled to recover reasonable attorney fees and other costs incurred in the action or proceeding, in addition to any other relief to which the prevailing party may be entitled.

## XV. FEES AND EXPENSES.

Except as otherwise specifically provided in this Agreement, Seller and Buyer shall pay their own fees and expenses in connection with the negotiation and consummation of the transactions contemplated by this Agreement.

## XVI. HEADINGS.

All section headings contained in this Agreement are for convenience of reference only, do not form a part of this Agreement, and shall not affect in any way the meaning or interpretation of this Agreement.

## XVII. CONFIDENTIALITY PROVISION

Buyer will keep in complete confidence and not divulge the existence, contents or provisions of this Agreement to anyone without the written consent of Seller (unless Seller is ordered to do so by a court of law and/or administrative body). A breach of this covenant of confidentiality will be deemed a default and in addition to subjecting Seller to all of Buyer's rights and/or remedies under the Agreement at law and in equity, will result in the automatic termination of this buy/sell agreement then ownership of Business and Assets reverts back to Seller. No refunds of the Purchase Price will be given.

## XVIII. SEVERABILITY.

In the event any provision of this Agreement is deemed to be invalid, illegal, or unenforceable, all other provisions of the Agreement that are not affected by the invalidity, illegality, or unenforceability shall remain in full force and effect.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date of this Agreement.

**SELLER**

ZAFER KALDIRIM

BY_____          DATE: 12.12.2022

**BUYER**

NESE ALTINEL

_____          DATE: 12.12.2022

EXHIBIT B

# ACK Mesajı



```
Kullanıcı              :VB32235
Döküman Tarihi         :7.11.2023 00:00:00

Mesaj Tarihi           :13.01.2023 13:49:52
Mesaj Tipi  / Türü     :I / 103
Mesaj Referansı        :S004033023007119
Gönderen Banka         :TVBATR2AFEX
                        TURKIYE VAKIFLAR BANKASI T.A.O. - TREASURY DEPARTMENT -
                        ISTANBUL - TURKEY
Alıcı Banka   :CHASUS33XXX
                        JPMORGAN CHASE BANK, N.A. -  - NEW YORK - UNITED STATES

Oturum Numarası        :1370
Mesaj Numarası         :905110
UETR                   :42f51cfc-f0a5-4048-b2c4-080179e38ad1
```

---

```
:20:    Sender's Reference
        S004033023007119
:23B:   Bank Operation Code
        CRED
:32A:   Value Date/ Currency/Interbank Settled  Amount
        230113
        USD
        50.000,00
:33B:   Currency/Instructed Amount
        USD
        50.000,00
:50F:   Ordering Customer-Name & Address
        /TR160001500158048016196731
        1/NESE ALTINEL
        2/ALACAATLI MAH. 3346 CAD. NO: 12D
        2/IC KAPI NO: 22 CANKAYA / ANKARA
        3/TR/ANKARA
:53A:   Sender's Correspondent
        /400929457
        TVBATR2AFEX
        TURKIYE VAKIFLAR BANKASI T.A.O. - TREASURY DEPARTMENT - ISTANBUL -
        TURKEY
:59:    Beneficiary Customer
        /886967527
        BEAST GROUP LLC
:70:    Remittance Information
        STOCK(SHARES)  PURCHASE PAYMENT
:71A:   Details Of Charges
        OUR
```

# ACK Mesajı



```
Kullanıcı              :VB32235
Döküman Tarihi         :7.11.2023 00:00:00

Mesaj Tarihi           :18.11.2022 12:19:14
Mesaj Tipi  / Türü     :I / 103
Mesaj Referansı        :S004033022138925
Gönderen Banka         :TVBATR2AFEX
                        TURKIYE VAKIFLAR BANKASI T.A.O. - TREASURY DEPARTMENT -
                        ISTANBUL - TURKEY
Alıcı Banka    :CHASUS33XXX
                        JPMORGAN CHASE BANK, N.A. -  - NEW YORK - UNITED STATES


Oturum Numarası        :1281
Mesaj Numarası         :587528
UETR                   :6724ae1f-9d34-4d18-83ca-7f62a81b520c
```

---

```
:20:    Sender's Reference
        S004033022138925
:23B:   Bank Operation Code
        CRED
:32A:   Value Date/ Currency/Interbank Settled  Amount
        221118
        USD
        140.000,00
:33B:   Currency/Instructed Amount
        USD
        140.000,00
:50F:   Ordering Customer-Name & Address
        /TR160001500158048016196731
        1/NESE ALTINEL
        2/ALACAATLI MAH. 3346 CAD. NO: 12D
        2/IC KAPI NO: 22 CANKAYA / ANKARA
        3/TR/ANKARA
:53A:   Sender's Correspondent
        /400929457
        TVBATR2AFEX
        TURKIYE VAKIFLAR BANKASI T.A.O. - TREASURY DEPARTMENT - ISTANBUL -
        TURKEY
:57D:   Account With Institution
        //FW322271627
        J.P. MORGAN CHASE BANK, N.A.
:59:    Beneficiary Customer
        /886967527
        BEAST GROUP LLC
:70:    Remittance Information
        STOCK SHARES PURCHASE PAYMENT
:71A:   Details Of Charges
        SHA
:71F:   Sender's Charges
        USD
```

0,00

Case 8:23-cv-01325 Document 1 Filed 12/04/23 Page 23 of 67 Page ID #:23

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Zafer Kaldirim, an individual; Beast Group LLC a
California Limited Liability Company, Does 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Nese Altinel

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Orange County Central Justice Center

700 W Civic Center Dr, Santa Ana, CA 92701

CASE NUMBER:
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Yakup Sari, Esq. 540 N Golden Circle Drive, #303, Santa Ana, CA, 92705 info@sarilaw.us

| DATE: 11/06/2023 | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

[ Print this form ] [ Save this form ] [ Clear this form ]

**SUM-100**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

| Print this form | Save this form | | Clear this form |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | **FILED**<br>*SUPERIOR COURT OF CALIFORNIA*<br>*COUNTY OF ORANGE* |
| PLANTIFF: Nese Altinel | |
| DEFENDANT: Zafer Kaldirim et.al. | **Nov 17, 2023** |
| Short Title: ALTINEL VS. KALDIRIM | Clerk of the Court<br>By: **S. Burns**, Deputy |

| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2023-01362055-CU-BC-CJC |
|---|---|

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>04/16/2024</u> at <u>09:00:00 AM</u> in Department <u>C24</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division - https://www.occourts.org/media-relations/appeals-records.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones - https://www.occourts.org/media-relations/appeals-records.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm - https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court,  By: _____ , Deputy

**NOTICE OF HEARING**

Page: 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** ALTINEL VS. KALDIRIM

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**30-2023-01362055-CU-BC-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 11/17/2023. Following standard court practice the mailing will occur at Sacramento, California on 11/20/2023.

Clerk of the Court, by: _____ , Deputy

SARI LAW FIRM
540 N GOLDEN CIRCLE DRIVE # 303
SANTA ANA, CA 92705

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 2

Code of Civil Procedure , § CCP1013(a)

# EXHIBIT B

**AT-105**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>YAKUP SARI, ESQ (SBN:336030)<br>SARI LAW FIRM<br>540 N Golden Cir. Dr. #303 Santa Ana CA 92705<br>TELEPHONE NO.: 949.426.5071     FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional):* Info@sarilaw.us<br>ATTORNEY FOR *(Name):* Nese Altinel | *FOR COURT USE ONLY* |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE<br>STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST<br>MAILING ADDRESS: SAME AS ABOVE<br>CITY AND ZIP CODE: SANTA ANA, CA 92701<br>BRANCH NAME: CENTRAL JUSTICE CENTER |

| |
|---|
| PLAINTIFF:   Nese Altinel |
| DEFENDANT:   Zafer Kaldirim, Beast Group, LLC |

| **APPLICATION FOR** | CASE NUMBER: |
|---|---|
| ☑ **RIGHT TO ATTACH ORDER**    ☐ **TEMPORARY PROTECTIVE ORDER**<br>☑ **ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT**<br>☐ **ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT**<br>  ☐ **After Hearing**    ☐ **Ex Parte**<br>  ☐ **Against Property of Nonresident** | 30-2023-01362055 |

1. Plaintiff *(name):* Nese Altinel

   applies   ☑ after hearing   ☐ ex parte   for
   a. ☑ a right to attach order and writ of attachment.
   b. ☐ an additional writ of attachment.
   c. ☐ a temporary protective order.
   d. ☐ an order directing the defendant to transfer to the levying officer possession of
      (1) ☑ property in defendant's possession.
      (2) ☐ documentary evidence in defendant's possession of title to property.
      (3) ☐ documentary evidence in defendant's possession of debt owed to defendant.

2. Defendant *(name):* Beast Group, LLC

   a. ☐ is a natural person who
      (1) ☐ resides in California.
      (2) ☐ does not reside in California.
   b. ☐ is a corporation
      (1) ☐ qualified to do business in California.
      (2) ☐ not qualified to do business in California.
   c. ☐ is a California partnership or other unincorporated association.
   d. ☐ is a foreign partnership that
      (1) ☐ has filed a designation under Corporations Code section 15800.
      (2) ☐ has not filed a designation under Corporations Code section 15800.
   e. ☑ is other *(specify):*

      a California Limited Liability Company

3. Attachment is sought to secure recovery on a claim upon which attachment may issue under *(check one):*
      ☑ Code of Civil Procedure section 483.010      ☐ Welfare and Institutions Code section 15657.01.

4. Attachment is not sought for a purpose other than the recovery on a claim upon which the attachment is based.

5. Plaintiff has no information or belief that the claim is discharged or the prosecution of the action is stayed in a proceeding under title 11 of the United States Code (Bankruptcy).

Page 1 of 3

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>AT-105 [Rev. July 1, 2010] | **APPLICATION FOR RIGHT TO ATTACH ORDER,<br>TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)** | Code of Civil Procedure, §§ 482.030, 484.010 et seq.;<br>Welfare. & Institutions. Code, § 15657.01<br>*www.courtinfo.ca.gov* |

**AT-105**

| SHORT TITLE | CASE NUMBER: |
|---|---|
| Altinel v. Kaldirim | 30-2023-01362055 |

6. a. ☐ Plaintiff's claim or claims arise out of conduct by the defendant who is a natural person of a trade, business, or profession. The claim or claims are not based on the sale or lease of property, a license to use property, the furnishing of services, or the loan of money where any of the foregoing was used by the defendant primarily for personal, family, or household purposes.

   b. ☐ Plaintiff's claim or claims arise out of conduct of a natural person who or an entity that has taken, secreted, appropriated, obtained or retained, or assisted in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use, with intent to defraud, or by using undue influence.

7. The facts showing plaintiff is entitled to a judgment on the claim up on which the attachment is based are set forth with particularity in the
   a. ☐ verified complaint.
   b. ☑ attached affidavit or declaration.
   c. ☐ following facts *(specify)*:

8. The amount to be secured by the attachment is: $ 221,321.98
   a. ☑ which includes estimated costs of: $ 633.48
   b. ☑ which includes estimated allowable attorney fees of: $ 15,000.00

9. Plaintiff is informed and believes that the following property sought to be attached for which a method of levy is provided is subject to attachment:
   a. ☑ Any property of a defendant who is **not** a natural person.
   b. ☐ Any property of a nonresident defendant.
   c. ☑ Property of a defendant who is a natural person that is subject to attachment under Code of Civil Procedure section 487.010 *(specify)*:

   d. ☐ Property covered by a bulk sales notice with respect to a bulk transfer by defendant on the proceeds of the sale of such property *(describe)*:

   e. ☐ Plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold *(specify license number)*:

10. Plaintiff is informed and believes that the property sought to be attached is not exempt from attachment.

11. ☐ The court issued a Right to Attach Order on *(date)*:
    *(Attach a copy.)*

12. ☐ Nonresident defendant has not filed a general appearance.

AT-105 [Rev. July 1, 2010]

**APPLICATION FOR RIGHT TO ATTACH ORDER,**
**TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**

Page 2 of 3

AT-105

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Altinel v. Kaldirim | 30-2023-01362055 |

13.  a.  Plaintiff ☐ alleges on ex parte application for order for writ of attachment
☐ is informed and believes on application for temporary protective order

that plaintiff will suffer great or irreparable injury if the order is not issued before the matter can be heard on notice because

(1) ☐ it may be inferred that there is a danger that the property sought to be attached will be

(a) ☐ concealed.

(b) ☐ substantially impaired in value.

(c) ☐ made unavailable to levy by other than concealment or impairment in value.

(2) ☐ defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010(b)(2).

(3) ☐ a bulk sales notice was recorded and published pursuant to division 6 of the Commercial Code with respect to a bulk transfer by the defendant.

(4) ☐ an escrow has been opened under the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant.

(5) ☐ other circumstances (specify):

b.  The statements in item 13a are established by ☐ the attached affidavit or declaration
☐ the following facts (specify):

14.  ☐ Plaintiff requests the following relief by temporary protective order (specify):

15.  Plaintiff

a. ☐ has filed an undertaking in the amount of: $

b. ☑ has not filed an undertaking.

Date: November 18, 2023

Yakup Sari, Esq.
_____
(TYPE OR PRINT NAME OF PLAINTIFF OR PLAINTIFF's ATTORNEY)

▶ *Yakup Sari*
_____
(SIGNATURE OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

**DECLARATION**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: November 18, 2023

Nese Altinel
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DECLARANT)

16. Number of pages attached: _____

AT-105 [Rev. July 1, 2010]

**APPLICATION FOR RIGHT TO ATTACH ORDER,
TEMPORARY PROTECTIVE ORDER, ETC. (Attachment)**

Page 3 of 3

 **Dropbox** Sign

**Audit trail**

| | |
|---|---|
| **Title** | AT-105 Application for Right to Attach Order, Temporary... |
| **File name** | AT-105%20Applicat...e%20Order%2C%.pdf |
| **Document ID** | 484f9eabe5757b98b7e85cec6b8feec8d7252572 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

This document was requested from app.clio.com

## Document History

| | | |
|---|---|---|
| ⤴ SENT | **11 / 21 / 2023** 02:01:24 UTC | Sent for signature to Nese Altinel (nesealtinel@hotmail.com) from yakup@sarilaw.us IP: 76.175.212.100 |
| 👁 VIEWED | **11 / 21 / 2023** 02:13:49 UTC | Viewed by Nese Altinel (nesealtinel@hotmail.com) IP: 104.28.124.87 |
| ⟋ SIGNED | **11 / 21 / 2023** 02:26:07 UTC | Signed by Nese Altinel (nesealtinel@hotmail.com) IP: 172.226.4.0 |
| ⊘ COMPLETED | **11 / 21 / 2023** 02:26:07 UTC | The document has been completed. |

AT-120

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|

YAKUP SARI, ESQ (SBN:336030)
SARI LAW FIRM
540 N Golden Cir. Dr. #303 Santa Ana CA 92705
TELEPHONE NO. 949.426.5071      FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):* Info@sarilaw.us
ATTORNEY FOR *(Name):* Nese Altinel

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS: SAME AS ABOVE
CITY AND ZIP CODE: SANTA ANA, CA 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF: Nese Altinel

DEFENDANT: Zafer Kaldirim and Beast Group, LLC

| ☑ **RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT AFTER HEARING**<br>☐ **ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT AFTER HEARING** | CASE NUMBER:<br>30-2023-01362055 |
|---|---|

1. a. The application of plaintiff *(name):* Nese Altinel
   for   ☑ a right to attach order and order for issuance of writ of attachment
         ☐ an order for issuance of additional writ of attachment
   against the property of defendant *(name):* Beast Group, LLC
   came on for hearing as follows:
   (1) Judge *(name):* Scott Steiner
   (2) Hearing date: December 13, 2023      Time: 10:00am   ☑ Dept.: c24   ☐ Div.:   ☐ Rm.:
   b. The following persons were present at the hearing:
   (1) ☐ Plaintiff *(name):*                          (3) ☑ Plaintiff's attorney *(name):* Yakup Sari, Esq.
   (2) ☐ Defendant *(name):*                          (4) ☐ Defendant's attorney *(name):*

## FINDINGS

2. THE COURT FINDS
   a. Defendant *(specify name):* Beast Group, LLC
                                                    is a   ☐ natural person   ☐ partnership
      ☐ unincorporated association   ☐ corporation   ☑ other *(specify):* Limited Liability Company
   b. The claim upon which the application is based is one upon which an attachment may be issued.
   c. Plaintiff has established the probable validity of the claim upon which the attachment is based.
   d. The attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based.
   e. The amount to be secured by the attachment is greater than zero.
   f. ☑ Defendant failed to prove that all the property described in plaintiff's application is exempt from attachment.
   g. ☐ The following property of defendant, described in plaintiffs application
      (1) ☐ is exempt from attachment *(specify):*

      (2) ☐ is not exempt from attachment *(specify):*

   h. ☐ The following property, not described in plaintiff's application, claimed by defendant to be exempt,
      (1) ☐ is exempt from attachment *(specify):*

      (2) ☐ is not exempt from attachment *(specify):*

   i. ☑ An undertaking in the amount of: $ _____ bond  is required before a writ shall issue, and plaintiff
      ☐ has   ☑ has not   filed an undertaking in that amount.
   j. A Right to Attach Order was issued on *(date):*                                              pursuant to
      ☐ Code of Civil Procedure section 484.090 (on hearing)   ☐ Code of Civil Procedure section 485.220 (ex parte)
   k. ☐ other *(specify):*

| Form Approved for Optional Use<br>Judicial Council of California<br>AT-120 [Rev. July 1, 2010] | **RIGHT TO ATTACH ORDER AFTER HEARING AND ORDER**<br>**FOR ISSUANCE OF WRIT OF ATTACHMENT (Attachment)** | Code of Civil Proc., §§ 482.030, 484.090;<br>Welfare & Institutions Code, § 15657.01<br>*www.courtinfo.ca.gov* |
|---|---|---|

AT-120

| SHORT TITLE: ALTINEL V. KALDIRIM | CASE NUMBER: 30-2023-01362055 |
|---|---|

## ORDER

3. THE COURT ORDERS

    a. Plaintiff has a right to attach property of defendant *(name):* Beast Group, LLC
       in the amount of: $ 221,301.98

    b. ☐ The property described in items 2g(1) and 2h(1) of the findings is exempt and shall not be attached.

    c. The clerk shall issue ☑ a writ of attachment    ☐ an additional writ of attachment   in the amount stated in item 3a
       ☑ forthwith ☑ upon the filing of an undertaking in the amount of: $ 10,000.00

       (1) ☑ for any property of a defendant who is **not** a natural person for which a method of levy is provided.

       (2) ☐ for the property of a defendant who is a natural person that is subject to attachment under Code of Civil
           Procedure section 487.010 described as follows *(specify):*

       (3) ☐ for the property covered by a bulk sales notice with respect to a bulk transfer by defendant or the proceeds of sale
           of such property, described as follows *(specify):*

       (4) ☐ for plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold. The license
           number is *(specify):*

    d. ☑ Defendant shall transfer to the levying officer possession of
       (1) ☑ any documentary evidence in defendant's possession of title to any property described in item 3c;
       (2) ☑ any documentary evidence in defendant's possession of debt owed to defendant described in item 3c;
       (3) ☐ the following property in defendant's possession *(specify):*

> **NOTICE TO DEFENDANT: FAILURE TO COMPLY WITH THIS ORDER MAY SUBJECT YOU TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT.**

    e. ☐ Other *(specify):*

    f. Total number of boxes checked in item 3:   12

Date: _____

                                                _____
                                                   JUDICIAL OFFICER

**RIGHT TO ATTACH ORDER AFTER HEARING AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT (Attachment)**

AT-135

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|

YAKUP SARI, ESQ (SBN:336030)
SARI LAW FIRM
540 N Golden Cir. Dr. #303, Santa Ana, CA 92705
TELEPHONE NO. : 949.426.5071
E-MAIL ADDRESS *(Optional):* Info@sarilaw.us          FAX NO. *(Optional):*
ATTORNEY FOR *(Name):* Nese Altinel

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS: SAME AS ABOVE
CITY AND ZIP CODE: SANTA ANA, CA 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF: Nese Altinel

DEFENDANT: Zafer Kaldirim and Beast Group, LLC

| **WRIT OF ATTACHMENT**<br>☑ **AFTER HEARING**   ☐ **EX PARTE** | CASE NUMBER:<br>30-2023-01362055 |
|---|---|

1. TO THE SHERIFF OR ANY MARSHAL OR CONSTABLE OF THE COUNTY OF: LOS ANGELES

2. TO ANY REGISTERED PROCESS SERVER: You are only authorized to serve this writ in accord with CCP 488.080.

3. This writ is to attach property of defendant *(name and last known address):* Beast Group, LLC
3100 S MOONEY BLVD
VISALIA, CA 93277

and the attachment is to secure:  $ 221,301.98

4. Name and address of plaintiff: Nese Altinel
c/o Yakup Sari, Esq of Sari Law Firm
540 N Golden Cir. #303, Santa Ana CA, 92705

5. YOU ARE DIRECTED TO ATTACH the following property or so much thereof as is clearly sufficient to satisfy the amount to be secured by the attachment *(describe property and state its location; itemize by letter):*

Any and all deposit accounts, safe deposit boxes, monies, credits, rents, debts, effects due or owing to Beast Group, LLC in the possession or under the control of the person, business, firm, association, partnership, corporation, or financial institution and for any and all real property of Defendant Beast Group, LLC.

☐ This information is on an attached sheet.

6. ☐ An interest in the real property described in item 5 stands upon the records of the county, in the name of the following person other than the defendant:

a. Name:
b. Mailing address, if known, as shown by the records of the office of the county tax assessor *(specify):*

7. ☐ The real property on which the
☐ crops described in item 5 __ are growing
☐ timber described in item 5 __ to be cut is standing stands upon the records of the county in the name of
a. Name:
b. Address:

[SEAL]

Date: _____   Clerk, by _____, Deputy

Page 1 of 1

| Form Approved for Optional Use<br>Judicial Council of California<br>AT-135 [Rev. January 1, 2003] | **WRIT OF ATTACHMENT**<br>**(Attachment)** | Code of Civ. Proc., § 488.010 |
|---|---|---|

Yakup Sari, Esq. (SBN 336030)
SARI LAW FRM
540 N Golden Cir. Dr #303
Santa Ana CA, 92705
Tel No.: 949.426.5071
info@sarilaw.us

Attorneys for Plaintiff Nese Altinel

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF ORANGE—CENTRAL JUSTICE CENTER**

| | |
|---|---|
| Nese Altinel, an individual, | Case No.: 30-2023-01362055-CU-BC-CJC |
| Plaintiff, | **DECLARATION OF PLAINTIFF'S, NESE ALTINEL, ISO APPLICATION FOR WRIT OF ATTACHMENT AND RIGHT TO ATTACH ORDER** |
| vs. | |
| Zafer Kaldirim, an individual; | **UNLIMITED JURISDICTION** |
| Beast Group LLC a California Limited Liability Company | Date: December 13, 2023 |
| Defendants. | Time: 10:00 a.m. |
| | Dept: C24 |
| | Judge: Stephanie Georgie |

I, , Nese Altinel, declare and state as follows:

1.  I am over the age of 18. I am familiar with the facts stated herein and, if called upon to testify, I could and would do so competently.

2.  I am the Plaintiff in the case against Defendants Zafer Kaldirim and BEAST GROUP, LLC for breach of contract, breach of fiduciary duty, fraud, negligent misrepresentation, and conversion.

3.  I invested $265,000.00 in BEAST GROUP, LLC based on certain representations by Defendants, which have not been honored.

**BACKGROUND, CONTRACT, and BREACH**

4.  On December 12, 2022, I entered into a contractual relationship with Beast Group, LLC, which is managed by Zafer Kaldirim. **(See, Exhibit A)** According to the Agreement, I was going to invest 300,000.00 dollars and become a member of the Company, holding 50% of Company`s

1

Doc ID: e79d9e129336d235109c27a0537873412ad4b27a

shares.

5.  We also orally agreed that after I transferred the first payment of 150,000.00 to Beast Group, LLC, Mr. Kaldirim will begin to take the necessary steps to make me a member of Beast Group, LLC.

6.  I wired a total of $190,000.00 to Beast Group, LLC on or about January 13, 2023 and handed 75,000.00 cash to Ertan Tuysuzoglu who is the one of the members of Beast Group, LLC**. (See, Exhibit B).** However, the defendants have breached the terms of our agreement by failing to provide me with the promised partnership and have continuously prevented me from being involved the Company, both financially and technically in terms of decision making. Due to these serious miscommunications and loss of trust, I gave up on partnering with Mr. Kaldirim.

7.  Even though my husband and I made several demands to Zafer Kaldirim to make me a member of Beast, he did not make me a partner of the Beast Group.

8.  In our` business relationship at Beat Group, Inc., and Beast Group, LLC, I was never granted any profits and was consistently prevented from accessing the Company`s data. Even now I have no access to the current official financial data as of November 18, 2023.

9.  In regards to the Beast Group, LLC`s affairs, I was never able to be involved in them. As of today, I was never asked to pay the $35,000.00 which would make me comply with the terms of Stock Purchase Agreement.

10. These actions have directly contradicted the trust we had previously built and have led to significant financial loss and a breach of both contractual and fiduciary obligations. As such, I have been prevented from being the partner of Beast Group, LLC and Defendants have been unjustly enriched. Since the execution of Contract, I have never received any profits.

**11.** As of November 18, 2023, the California Secretary of State records show that I am not a member of Beast Group, LLC and Defendants have not refunded my 265,000.00 dollars. **(See, Exhibit C)**

**12.** Defendants breached the agreement by failing to grant me ownership and access to the Company`s affairs and financial data. If the Court does not grant recovery in favor of of the loses I have inquired due to Defendants failures to uphold their end of the contract, Defendants would be unjustly enriched.

///

Doc ID: e79d9e129336d235109c27a0537873412ad4b27a

**JURISDICTION AND LAWSUIT**

13. Jurisdiction is proper in this Court as the damages claimed exceed the jurisdictional minimum, the incidents that give rise to this lawsuit occurred within this Court's purview, and Defendants have significant connections to this jurisdiction through business operations and residency.

14. Venue is appropriate in this Court since one of the Defendants and I live in the County of Orange.

**PREJUDGMENT INTEREST**

15. Civil Code §3289(b) states that interest on an agreement "shall bear interest at a rate of 10 percent per annum after a breach." The daily interest at 10% per annum is 52.05 reaching this figure by multiplying $190,000.00 by 0.0002739. The number of days from January 13, 2023, the date of the breach, to the date of this motion is 301 days multiplied by the daily interest rate of $52.05, yielding a pre-judgment interest of $15,668.50.

16. According to the Civil Code §3289(b), I am entitled to pre-judgment interest on the actual damages I am claiming, which are in excess of $205,668.50 calculated at the legal rate from the date each defendant breached the contract or otherwise committed the wrongful acts up to the date of judgment.

**COSTS**

17. In filing this lawsuit, I have incurred various costs directly related to the prosecution of my case against the Defendants. These costs include, but are not limited to, court filing fees, service of process fees, and the costs associated with obtaining necessary documentation to substantiate my claims. These expenses were necessary to protect my rights and interests after having been wrongfully treated by the Defendants.

18. A detailed account of these costs is as follows:

    a. Court filing fees: 463.48

    b. Service of process fees: 170.00

19. The total costs incurred to date amount to 633.48. (**See, Exhibit D**)

**ATTORNEY FEES**

20. The Stock Purchase Agreement Section 14 states *"If any legal action or other proceeding is brought to enforce the provisions of this Agreement, the prevailing party shall be entitled to recover reasonable attorney fees and other costs incurred in the action or proceeding, in*

3

Doc ID: e79de129336d235109c27a0537873412ad4b27a

*addition to any other relief to which the prevailing party may be entitled.*", and pursuant to our agreement and the law, I am entitled to recover the reasonable attorney fees thus incurred.

21. Accordingly, I request that the Court include the recovery of such attorney fees in the judgment or order against Defendants. I estimate that the attorney fees likely to be incurred in connection with this litigation will total approximately $15,000.00.

**WRIT OF ATTACHMENT AND RIGHT TO ATTACH ORDER**

22. I request that the Court issue a writ of attachment and the right to attach an order against the assets of Defendants to secure my interest in the outcome of this action. The claim upon which this request is based is valid and well-founded, as set forth in the accompanying complaint.

23. There is a substantial likelihood that I will prevail on the merits of the claims asserted. There is also a reasonable probability that the Defendants may dispose of their assets in a manner that could frustrate my ability to recover damages or enforce a judgment. Hence, a writ of attachment is necessary and appropriate to protect my interests and to prevent the unjust or inequitable disposal of assets by Defendants.

24. I seek the attachment to secure my claim and have shown the amount to be secured is greater than zero. To wit, the amount is $221,321.98.

25. I respectfully request the court enter an Order granting me a writ of attachment for the principal amount of $190,000.00, pre-judgment interest of 15,668.50 costs of $633.48, and attorney fees of $15,000.00, for a total writ of $221,321.98 and issue a turnover order directing Defendant to turn over to the levying Officer, the Los Angeles County Sheriff located at 350 W Mission Blvd # 109, Pomona, CA 91766 documents and evidence in Defendant's possession of the title to any property subject to levy and documents and evidence in the defendant's possession of debts owed to the defendant.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct and that I executed this declaration on November 18, 2023, in Irvine.

Date:11/18/2023                                        By:_____

Nese Altinel,

# EXHIBIT A

## **STOCK (SHARES) PURCHASE AGREEMENT**

**I. THE PARTIES.** This Stock (Shares) Purchase Agreement ("Agreement") is dated as

of March 1st, 2022 and is made and entered into by and between:

Buyer: _**Nese ALTINEL**_____, with a mailing address of _**Alacaatli Mah. 3346 Cad. No:12 D Blok No:22 Cankaya, Ankara, Turkey**_____, ("Buyer"), and

Seller: **Zafer Kaldirim**, with a mailing address of **2306 S WOODLAND ST, VISALIA, CA 93277**, ("Seller").

Buyer and Seller shall be collectively known as the "Parties" and agree to the following:

**II. DESCRIPTION OF SHARES.** The shares to be exchanged are described as:

Entity Name: **BEAST GROUP LLC.** ("Business Entity")

Entity Mailing Address: **1920 W Princeton Ave Ste A-4 Visalia CA 93277**

State of Incorporation/Organization: **CALIFORNIA**

Price ($) per Share: _**1200**_/ share

Number of Shares: __**250**_____

Class/Series: A

The Seller agrees to sell the above-described shares of stock ("Shares of Stock").

**III. PURCHASE PRICE.** The purchase price for the Shares of Stock shall be **Three-Hundred Thousand Dollars ($300,000.00)**. The Purchase Price shall be paid to the Seller on the Closing Date.

Payment will be made in two equal payments of **Hundred Fifty Thousand Dollars ($150,000 USD).**

**First payment will be made on or before _____**

**Second payment will be made on or before_____**

**IV. CLOSING DATE.** The closing shall occur on or before _____2022 ("Closing Date") at a time and location agreeable by the Parties. On the Closing Date, the Buyer shall deliver the full amount of the Purchase Price in any of the following methods:

**BANK WIRE**

**Routing Number:** 322271627 **Account Number:** 886967527 **SWIFT:** CHASUS33XXX

1 of 4

**V. DUE DILIGENCE PERIOD.** The Buyer: (check one)

___Requires a due diligence period to inspect the finances and agreements of the Business Entity. The decision as to whether the Shares of Stock is suitable for its intended purposes shall be the sole decision of Buyer, determined in the absolute discretion of Buyer, with Buyer's decision being final and binding upon the Parties. Buyer shall have until September 30th. 2022, at 05:00 PM (PDT) to notify Seller of its termination of this Agreement ("Inspection Period"). If the Buyer decides to terminate this Agreement during the Inspection Period, any Deposit made shall be returned to the Buyer.

___ Does not require a due diligence period to review the finances and agreements of the Business Entity.

**VI. DELIVERY.** The delivery of the Shares of Stock, along with any stock certificates, shall be transferred to the Buyer at Closing Date upon the funds being received by the Seller in an approved method.

**VII. AUTHORITY OF SELLER.** To induce the Buyer to enter into and perform its obligations under this Agreement, the Seller hereby represents and warrants to Buyer, and covenants with Buyer, as follows:

**a.) Capacity.** The Seller has all requisite power, authority, and capacity to enter into this Agreement. The execution, delivery, and performance of this Agreement by the Seller does not, and the consummation of the transaction contemplated hereby will not result in a breach of or default under any agreement to which the Seller is a party by which the Seller is bound.

**b.) Binding Agreement.** This Agreement has been duly and validly executed and delivered by the Seller and constitutes the Seller's valid and binding agreement, enforceable against the Seller in accordance with and subject to its terms.

**c.) Title to Shares of Stock.** The Seller is the lawful, record and beneficial owner of all the Shares of Stock, free and clear of any liens, claims, agreements, charges, security interests and encumbrances whatsoever. The sale, conveyance, assignment, and transfer of the Shares of Stock in accordance with the terms of this Agreement transfers to the Buyer legal and valid title to the Shares, free and clear of all liens, security interests, hypothecations or pledges.

**VIII. AUTHORITY OF BUYER.** To induce the Seller to enter into and perform their obligations under this Agreement, the Buyer represents and warrants to the Seller as follows:

**a.) Capacity.** The Buyer has all requisite power, authority, and capacity to enter into this Agreement. The execution, delivery, and performance of this Agreement by the Buyer

2 of 4

does not, and the consummation of the transaction contemplated hereby will not result in a breach of or a default under any agreement to which the Buyer is a party or by which Buyer is bound.

**b.) Correctness of Representations**.

No representation or warranty of either Seller or Buyer in this Agreement or any other information furnished by either party pursuant to this Agreement contains any untrue statement of material fact or fails to state any fact necessary in order to make the statements not misleading in any material respect. All statements, representations, exhibits, and other information provided by Buyer to Seller and by Seller to Buyer shall be true and correct on and as of the Closing Date as though made on that date

**c.) Disclosure.** The Buyer is aware of the risks involved in purchasing the Shares of Stock and accepts that its value can change rapidly and unpredictably.

**IX. DATE AND TIME.** Time is of the essence.

**a.) Calendar Days.** Calendar days shall represent all days of the year except Saturdays, Sundays, and Federal Holidays ("Calendar Days").

**b.) Effective Date.** The effective date of this Agreement shall be the day the Parties authorize this Agreement and acceptance has been given.

**X. GOVERNING LAW.** This Agreement shall be construed, interpreted and enforced in accordance with, and shall be governed by, the laws in the State of **CALIFORNIA** without reference to, and regardless of, any applicable choice or conflicts of laws principals.

**XI. COUNTERPARTS.** This Agreement may be executed in any number of counterparts and by the several parties hereto in separate counterparts, each of which shall be deemed to be an original, and all of which together shall constitute one and the same Agreement.

**XII. ENTIRE AGREEMENT.** This Agreement constitutes the entire understanding and agreement of the Parties relating to the subject matter hereof and supersedes any and all prior understandings, agreements, negotiations and discussions, both written and oral, between the Parties hereto with respect to the subject matter hereof.

**XIII. INDEPENDENT COUNSEL.**

Buyer acknowledges and agrees that he has been advised 10 obtain independent counsel and tax advisors to advise him as to the content and effects of this Agreement. Buyer also acknowledges and understands that Seller's attorney has acted as a representative only for the Seller and has not advised Buyer regarding this Agreement nor represented his interests.

**XIV. ATTORNEY FEES.**

If any legal action or other proceeding is brought to enforce the provisions of this Agreement, the prevailing party shall be entitled to recover reasonable attorney fees and other costs incurred in the action or proceeding, in addition to any other relief to which the prevailing party may be entitled.

## XV. FEES AND EXPENSES.

Except as otherwise specifically provided in this Agreement, Seller and Buyer shall pay their own fees and expenses in connection with the negotiation and consummation of the transactions contemplated by this Agreement.

## XVI. HEADINGS.

All section headings contained in this Agreement are for convenience of reference only, do not form a part of this Agreement, and shall not affect in any way the meaning or interpretation of this Agreement.

## XVII. CONFIDENTIALITY PROVISION

Buyer will keep in complete confidence and not divulge the existence, contents or provisions of this Agreement to anyone without the written consent of Seller (unless Seller is ordered to do so by a court of law and/or administrative body). A breach of this covenant of confidentiality will be deemed a default and in addition to subjecting Seller to all of Buyer's rights and/or remedies under the Agreement at law and in equity, will result in the automatic termination of this buy/sell agreement then ownership of Business and Assets reverts back to Seller. No refunds of the Purchase Price will be given.

## XVIII. SEVERABILITY.

In the event any provision of this Agreement is deemed to be invalid, illegal, or unenforceable, all other provisions of the Agreement that are not affected by the invalidity, illegality, or unenforceability shall remain in full force and effect.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date of this Agreement.

**SELLER**

ZAFER KALDIRIM

BY_____          DATE: 12.12.2022

**BUYER**

NESE ALTINEL

_____          DATE: 12.12.2022

# EXHIBIT B

**ACK Mesajı**



```
Kullanıcı              :VB32235
Döküman Tarihi         :7.11.2023 00:00:00

Mesaj Tarihi           :13.01.2023 13:49:52
Mesaj Tipi  / Türü     :I / 103
Mesaj Referansı        :S004033023007119
Gönderen Banka         :TVBATR2AFEX
                        TURKIYE VAKIFLAR BANKASI T.A.O. - TREASURY DEPARTMENT -
                        ISTANBUL - TURKEY
Alıcı Banka    :CHASUS33XXX
                        JPMORGAN CHASE BANK, N.A. -  - NEW YORK - UNITED STATES

Oturum Numarası        :1370
Mesaj Numarası         :905110
UETR                   :42f51cfc-f0a5-4048-b2c4-080179e38ad1
```

---

```
:20:    Sender's Reference
        S004033023007119
:23B:   Bank Operation Code
        CRED
:32A:   Value Date/ Currency/Interbank Settled  Amount
        230113
        USD
        50.000,00
:33B:   Currency/Instructed Amount
        USD
        50.000,00
:50F:   Ordering Customer-Name & Address
        /TR160001500158048016196731
        1/NESE ALTINEL
        2/ALACAATLI MAH. 3346 CAD. NO: 12D
        2/IC KAPI NO: 22 CANKAYA / ANKARA
        3/TR/ANKARA
:53A:   Sender's Correspondent
        /400929457
        TVBATR2AFEX
        TURKIYE VAKIFLAR BANKASI T.A.O. - TREASURY DEPARTMENT - ISTANBUL -
        TURKEY
:59:    Beneficiary Customer
        /886967527
        BEAST GROUP LLC
:70:    Remittance Information
        STOCK(SHARES)  PURCHASE PAYMENT
:71A:   Details Of Charges
        OUR
```

# ACK Mesajı



```
Kullanıcı              :VB32235
Döküman Tarihi         :7.11.2023 00:00:00

Mesaj Tarihi           :18.11.2022 12:19:14
Mesaj Tipi  / Türü     :I / 103
Mesaj Referansı        :S004033022138925
Gönderen Banka         :TVBATR2AFEX
                        TURKIYE VAKIFLAR BANKASI T.A.O. - TREASURY DEPARTMENT -
                        ISTANBUL - TURKEY
Alıcı Banka   :CHASUS33XXX
                        JPMORGAN CHASE BANK, N.A. -  - NEW YORK - UNITED STATES

Oturum Numarası        :1281
Mesaj Numarası         :587528
UETR                   :6724ae1f-9d34-4d18-83ca-7f62a81b520c
```

---

```
:20:    Sender's Reference
        S004033022138925
:23B:   Bank Operation Code
        CRED
:32A:   Value Date/ Currency/Interbank Settled  Amount
        221118
        USD
        140.000,00
:33B:   Currency/Instructed Amount
        USD
        140.000,00
:50F:   Ordering Customer-Name & Address
        /TR160001500158048016196731
        1/NESE ALTINEL
        2/ALACAATLI MAH. 3346 CAD. NO: 12D
        2/IC KAPI NO: 22 CANKAYA / ANKARA
        3/TR/ANKARA
:53A:   Sender's Correspondent
        /400929457
        TVBATR2AFEX
        TURKIYE VAKIFLAR BANKASI T.A.O. - TREASURY DEPARTMENT - ISTANBUL -
        TURKEY
:57D:   Account With Institution
        //FW322271627
        J.P. MORGAN CHASE BANK, N.A.
:59:    Beneficiary Customer
        /886967527
        BEAST GROUP LLC
:70:    Remittance Information
        STOCK SHARES PURCHASE PAYMENT
:71A:   Details Of Charges
        SHA
:71F:   Sender's Charges
        USD
```

0,00

EXHIBIT C




**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**AMENDMENT OF ARTICLES OF ORGANIZATION
CA LIMITED LIABILITY COMPANY**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

For Office Use Only

**-FILED-**

File No.: BA20230150073

Date Filed: 1/26/2023

---

Limited Liability Company Information

| | |
|---|---|
| Limited Liability Company Name | BEAST GROUP LLC |
| Entity No. | 202204110365 |

**Amendment Details**

| | |
|---|---|
| The Limited Liability Company will be managed by | More than One Manager |

Review and Signature

Additional information and signatures set forth on attached pages, if any, are incorporated herein by reference and made part of this filing.

Signatures

☒ By signing, I affirm under penalty of perjury that the information herein is true and correct and that I am authorized by California law to sign.

*ZAFER KALDIRIM*

Manager/Member Signature

01/26/2023

Date

*ERTAN TUYSUZOGLU*

Manager/Member Signature

01/26/2023

Date



BA20221132192



## STATE OF CALIFORNIA
*Office of the Secretary of State*
**STATEMENT OF INFORMATION**
**LIMITED LIABILITY COMPANY**

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| --- |
| **-FILED-** |
| File No.: BA20221132192 |
| Date Filed: 11/16/2022 |

| Entity Details | |
| --- | --- |
| Limited Liability Company Name | BEAST GROUP LLC |
| Entity No. | 202204110365 |
| Formed In | CALIFORNIA |

| Street Address of Principal Office of LLC | |
| --- | --- |
| Principal Address | 3100 S MOONEY BLVD VISALIA, CA 93277 |

| Mailing Address of LLC | |
| --- | --- |
| Mailing Address | 3100 S MOONEY BLVD VISALIA, CA 93277 |
| Attention | |

| Street Address of California Office of LLC | |
| --- | --- |
| Street Address of California Office | None |

| Manager(s) or Member(s) | |
| --- | --- |
| Manager or Member Name | Manager or Member Address |
| ZAFER KALDIRIM | 3100 S MOONEY BLVD VISALIA, CA 93277 |
| ✚ ERTAN M TUYSUZOGLU | 3100 S MOONEY BLVD VISALIA, CA 93277 |

| Agent for Service of Process | |
| --- | --- |
| Agent Name | ZAFER KALDIRIM |
| Agent Address | 3100 S MOONEY BLVD VISALIA, CA 93277 |

| Type of Business | |
| --- | --- |
| Type of Business | IMP/EXP WHOLESALE/RETAIL FIREARMS AMMU APPERAL |

| Email Notifications | |
| --- | --- |
| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |

| Chief Executive Officer (CEO) | |
| --- | --- |
| CEO Name | CEO Address |
| ZAFER KALDIRIM | 3100 S MOONEY BLVD VISALIA, CA 93277 |

**Labor Judgment**

No Manager or Member of this Limited Liability Company has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal therefrom is pending, for the violation of any wage order or provision of the Labor Code.

Electronic Signature

☒ By signing, I affirm under penalty of perjury that the information herein is true and correct and that I am authorized by California law to sign.

*ERTAN M TUYSUZOGLU*
_____
Signature

*11/16/2022*
_____
Date




**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**AMENDMENT OF ARTICLES OF ORGANIZATION
CA LIMITED LIABILITY COMPANY**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

For Office Use Only

**-FILED-**

File No.: BA20230150073

Date Filed: 1/26/2023

Limited Liability Company Information

| Limited Liability Company Name | BEAST GROUP LLC |
|---|---|
| Entity No. | 202204110365 |

**Amendment Details**

| The Limited Liability Company will be managed by | More than One Manager |
|---|---|

Review and Signature

Additional information and signatures set forth on attached pages, if any, are incorporated herein by reference and made part of this filing.

Signatures

☒ By signing, I affirm under penalty of perjury that the information herein is true and correct and that I am authorized by California law to sign.

*ZAFER KALDIRIM*      *01/26/2023*
Manager/Member Signature      Date

*ERTAN TUYSUZOGLU*      *01/26/2023*
Manager/Member Signature      Date


BA20230318387



## STATE OF CALIFORNIA
*Office of the Secretary of State*
## STATEMENT OF INFORMATION
## LIMITED LIABILITY COMPANY
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

For Office Use Only

## -FILED-

File No.: BA20230318387

Date Filed: 2/24/2023

| Entity Details | |
|---|---|
| Limited Liability Company Name | BEAST GROUP LLC |
| Entity No. | 202204110365 |
| Formed In | CALIFORNIA |

| Street Address of Principal Office of LLC | |
|---|---|
| Principal Address | 3100 S MOONEY BLVD<br>VISALIA, CA 93277 |

| Mailing Address of LLC | |
|---|---|
| Mailing Address | 3100 S MOONEY BLVD<br>VISALIA, CA 93277 |
| Attention | |

| Street Address of California Office of LLC | |
|---|---|
| Street Address of California Office | None |

| Manager(s) or Member(s) | |
|---|---|
| Manager or Member Name | Manager or Member Address |
| ZAFER KALDIRIM | 3100 S MOONEY BLVD<br>VISALIA, CA 93277 |

| Agent for Service of Process | |
|---|---|
| Agent Name | ZAFER KALDIRIM |
| Agent Address | 3100 S MOONEY BLVD<br>VISALIA, CA 93277 |

| Type of Business | |
|---|---|
| Type of Business | IMP/EXP WHOLESALE/RETAIL FIREARMS AMMU<br>APPERAL |

| Email Notifications | |
|---|---|
| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |

| Chief Executive Officer (CEO) | |
|---|---|
| CEO Name | CEO Address |
| ZAFER KALDIRIM | 3100 S MOONEY BLVD<br>VISALIA, CA 93277 |

| Labor Judgment |
|---|
| No Manager or Member, as further defined by California Corporations Code section 17702.09(a)(8), has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal is pending, for the violation of any wage order or provision of the Labor Code. |

B1528-2870 02/24/2023 7:00 AM Received by California Secretary of State

Electronic Signature

☒ By signing, I affirm under penalty of perjury that the information herein is true and correct and that I am authorized by California law to sign.

*zafer kaldirim*
_____
Signature

*02/24/2023*
_____
Date

B1528-2871 02/24/2023 7:00 AM Received by California Secretary of State

# EXHIBIT D

ONE LEGAL

# Credit Card Sale

1400 N. McDowell Blvd
Suite 300
Petaluma CA 94954
TIN : 85-4343705

| Date | 11/17/2023 |
| --- | --- |
| **Customer** | 0148342 |
| **Credit Sale** | 05506299 |
| **Amount Due** | $0 |
| **Tax Total** | $0.00 |

| **Bill To** |
| --- |
| Yakup Sari, Esq<br>24 Wedgewood<br>Irvine CA 92620 |

| Order Number | 21598479 |
| --- | --- |
| Contact | Yakup Sari |
| Attorney | Yakup Sari |
| Billing Code | |
| Case Title | Nese Altinel vs. Zafer Kaldirim |
| Court | Superior Court of California, Orange County |
| Court Transaction Number | 31389425 |
| Case Number | 30-2023-01362055-CU-BC-CJC |
| Documents | Complaint,Civil Case Cover Sheet,Summons Issued and Filed |

| ONE LEGAL FEES | AMOUNT |
| --- | --- |
| Court Filing Fee | $435.00 |
| Court Technology Access Fee | $2.25 |
| eFiling Charge | $12.95 |
| Convenience Fee‡ | $13.28 |
| **SUBTOTAL** | **$463.48** |

| FEES SUMMARY | AMOUNT |
| --- | --- |
| One Legal Fees | $463.48 |
| Sales Tax | $0.00 |
| **TOTAL CHARGED** | **$463.48** |

* These mandatory fees are charged by the court or required by statute and are not One Legal service fees. One Legal disburses these fees on your behalf.
‡ When paying invoices by credit card, a convenience fee will be assessed in accordance with applicable law and Terms of Service accepted at time of order. To avoid these fees, you can choose to pay via ACH.

AT-115

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| YAKUP SARI, ESQ (SBN:336030) | |
| SARI LAW FIRM | |
| 540 N Golden Cir. Dr. #303, Santa Ana CA 92705 | |
| TELEPHONE NO.: 949.426.5071    FAX NO. *(Optional):* | |
| E-MAIL ADDRESS *(Optional):* Info@sarilaw.us | |
| ATTORNEY FOR *(Name):* Nese Altinel | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS: SAME AS ABOVE
CITY AND ZIP CODE: SANTA ANA, CA 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF:  Nese Altinel

DEFENDANT: Zafer Kaldirim, and Beast Group, LLC

| NOTICE OF APPLICATION AND HEARING FOR | CASE NUMBER: |
|---|---|
| ☑ **RIGHT TO ATTACH ORDER**<br>☑ **ORDER FOR ISSUANCE OF**<br>    ☑ **WRIT OF ATTACHMENT**<br>    ☐ **ADDITIONAL WRIT OF ATTACHMENT** | 30-2023-01362055 |

1. Notice to defendant *(name, address, and telephone number, if known):*
   BEAST, GROUP, LLC;3100 S MOONEY BLVD VISALIA, CA 93277; +1 (310) 774-1732

2. Plaintiff has filed an application for
   a. ☑ a right to attach order and writ of attachment. *(Check items 6a, 6b, and 6d(1).)*
   b. ☑ a writ of attachment. *(Check item 6d(2).)*
   c. ☐ an additional writ of attachment. *(Check item 6d(2).)*

3. A hearing on plaintiff's application will be held in this court as follows:

   | Date: December 13, 2023 | Time: 10:00am | Dept.: C24 | Div.: | Rm.: |
   |---|---|---|---|---|

4. The request of plaintiff for an order is based upon the application and affidavit or declaration filed and served with this notice and is
   made under  a. ☑ Code of Civil Procedure section 483.010. *(Check item 6h(2)(a).)*
            b. ☐ Welfare and Institutions Code section 15657.01. *(Check item 6h(2)(b).)*

5. Your attention is directed to the following sections of the Code of Civil Procedure and Welfare and Institutions Code that set forth
   when an attachment may or may not be issued, the manner of calculating the amount to be secured by the attachment, the court's
   discretion to include costs and attorney's fees, and special limitations on the amount to be secured by attachment in unlawful
   detainer proceedings: Code Civ. Proc., §§ 482.110, 483.010, 483.015, 483.020; Welf. & Inst. Code, § 15657.01.

6. **You are notified that**
   a. ☑ A right to attach order will be issued if the court finds at the hearing that plaintiff's claim is probably valid and the other
      requirements for issuing the order are established. This hearing may include both written and oral presentations but is not
      for the purpose of determining whether the claim is actually valid. Determination of the actual validity of the claim will be
      made in subsequent proceedings in the action and will not be affected by the decision at the hearing on the application for
      the order.
   b. ☑ If you desire to oppose the issuance of a right to attach order or object to the amount to be secured by the attachment as
      provided in Code of Civil Procedure section 483.015 (or Code of Civil Procedure section 483.020 in unlawful detainer
      actions), you must file with this court and serve on plaintiff (no later than five court days prior to the date set for hearing in
      item 3) a notice of opposition and supporting declaration or affidavit as required by Code of Civil Procedure section
      484.060.
   c. If a right to attach order is or has been issued, a writ of attachment will be issued to attach your property described in plaintiff's
      application unless the court determines that the property is exempt from attachment or that its value clearly exceeds the amount
      necessary to satisfy the amount to be secured by the attachment. However, since the right to attach order will not necessarily be
      limited to your property described in plaintiff's application, a writ of attachment may later be issued to attach other nonexempt
      property of yours.

Page 1 of 3

| Form Approved for Optional Use<br>Judicial Council of California<br>AT-115 [Rev. July 1, 2010] | **NOTICE OF APPLICATION AND HEARING FOR RIGHT TO<br>ATTACH ORDER AND WRIT OF ATTACHMENT (Attachment)** | Code Civ. Proc., §§ 482.030, 484.010 et seq.;<br>Welfare & Institutions Code, § 15657.01<br>*www.courtinfo.ca.gov* |
|---|---|---|

AT-115

| SHORT TITLE | CASE NUMBER: |
|---|---|
| ALTINEL V. KALDIRIM | 30-2023-01362055 |

6.  d.  If you claim that all or some portion of the property described in plaintiff's application is exempt from attachment, you must, no later than five court days prior to this hearing,

(1) ☑ include your claim of exemption in your notice of opposition filed and served pursuant to Code of Civil Procedure section 484.060 or file and serve a separate claim of exemption with respect to the property as provided in Code of Civil Procedure section 484.070.

(2) ☑ file with the court and serve on plaintiff a claim of exemption with respect to the property as provided in Code of Civil Procedure section 484.350.

If you fail to make a claim of exemption with respect to personal property, or make a claim of exemption with respect to real or personal property, but fail to prove that the property is exempt, any further claim of exemption with respect to the property will be barred unless you show a change in circumstances occurring after expiration of the time for claiming exemptions.

e.  Claims of exemption resulting from a change of circumstances, whether after denial of a previous claim or expiration of the time for claiming exemptions, may be asserted as provided in Code of Civil Procedure section 482.100.

f.  You may obtain a determination at the hearing whether property not described in the application is exempt from attachment. Your failure to claim that property not described in the application is exempt from attachment will not preclude you from making a claim of exemption with respect to the property at a later time.

g.  You may also obtain a determination at the hearing whether the amount sought to be secured by the attachment will be reduced by
(1) the amount of any money judgment in your favor and against plaintiff that remains unsatisfied and enforceable;
(2) the amount of any indebtedness of the plaintiff that you have claimed in a cross-complaint filed in the action if your claim is one upon which an attachment could be issued;
(3) the amount of any claim asserted by you as a defense in the answer pursuant to Code of Civil Procedure section 431.70 if the claim is one upon which an attachment could have been issued had an action been brought on the claim when it was not barred by the statute of limitations; or
(4) the value of any security interest in your property held by plaintiff to secure the indebtedness claimed by plaintiff, together with the amount by which the value of the security interest has decreased due to the act of the plaintiff or a prior holder of the security interest.

h.  The amount to be secured by an attachment is determined pursuant to the following statutes:
(1) **Code of Civil Procedure section 482.110.** A writ of attachment may include an estimate of the costs and allowable attorney fees.
(2) (a) ☑ **Code of Civil Procedure section 483.010.** An attachment may issue on a claim for $500 or more based on a contract, express or implied, exclusive of attorney fees, costs, and interests. If the claim was originally secured by an interest in real property (e.g., a mortgage or trust deed), an attachment may issue only if the security has become valueless or has decreased in value to less than the amount owing on the claim, through no fault of plaintiff or the security holder (if different from plaintiff).
(b) ☐ **Welfare and Institutions Code section 15657.01.** An attachment may issue on a claim based on the taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use, with intent to defraud, or by undue influence.
(3) **Code of Civil Procedure section 483.015.** The amount to be attached includes the amount of the indebtedness claimed by plaintiff, plus estimated costs and allowable attorney fees, reduced by the sum of the following:
(a) the amount of any unsatisfied money judgment held by defendant against plaintiff;
(b) the amount of any indebtedness of plaintiff claimed by defendant in a cross-complaint filed in the action (if a writ of attachment could issue on the claim);
(c) the amount of any cross-demand for money owed by plaintiff to defendant that is barred by the statute of limitations (but assertable as a Code of Civil Procedure section 431.70 defense) if the debt was one upon which a writ of attachment could have been issued before the statute of limitations ran; and
(d) the amount of any security interest held by plaintiff in defendant's property, together with any decrease in the value of the underlying security caused by plaintiff or a prior security holder.

**NOTICE OF APPLICATION AND HEARING FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT (Attachment)**

**AT-115**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ALTINEL V. KALDIRIM | 30-2023-01362055 |

6 h. (4) **Code of Civil Procedure section 483.020.** An attachment ordered in an unlawful detainer proceeding may include

  (a) the amount of rent past due when the complaint is filed;

  (b) an additional amount for the estimated rent due from the date the complaint was filed until the estimated date of judgment or delivery of possession to plaintiff; plus

  (c) estimated costs and attorney fees.

  Any prepaid rent or lease deposits held by plaintiff are disregarded in the calculation of the amount of attachment. However, the amount of attachment will be reduced by the amounts described in Code of Civil Procedure section 483.015 (*see item 6h(3) above*).

  i.   Either you or your attorney or both of you may be present at the hearing.

  j.   YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH PLAINTIFF'S APPLICATION. THE ATTORNEY SHOULD BE CONSULTED PROMPTLY SO THAT THE ATTORNEY MAY ASSIST YOU BEFORE THE TIMES FOR FILING YOUR OPPOSITION AND CLAIMS OF EXEMPTION AND AT THE HEARING.

Date: November 18, 2023

Yakup Sari, Esq
_____
(TYPE OR PRINT NAME OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

▶   *Yakup Sari*
_____
(SIGNATURE OF PLAINTIFF OR PLAINTIFF'S ATTORNEY)

**NOTICE OF APPLICATION AND HEARING FOR RIGHT TO
ATTACH ORDER AND WRIT OF ATTACHMENT (Attachment)**

Yakup Sari, Esq. (SBN 336030)
SARI LAW FRM
540 N Golden Cir. Dr #303
Santa Ana CA, 92705
Tel No.: 949.426.5071
info@sarilaw.us

Attorneys for Plaintiff Nese Altinel

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF ORANGE—CENTRAL JUSTICE CENTER

| | |
|---|---|
| Nese Altinel, an individual,<br><br>Plaintiff,<br>vs.<br><br>Zafer Kaldirim, a Turkish Citizen; Ertan Tuysuzoglu, a Turkish Citizen; Beat Group, Inc. a California Corporation; and DOES 1-10<br><br>Defendants. | Case No.: 30-2023-01362055-CU-BC-CJC<br><br>**NOTICE OF MOTION AND APPLICATION FOR A RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT AGAINST DEFENDANT BEAST GROUP, LLC IN THE AMOUNT OF $222,301.98 (CCP §§ 484.040, 484.090); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF PLAINTIFF NESE ALTINEL ISO APPLICATION FOR WRIT OF ATTACHMENT AND RIGHT TO ATTACH ORDER; EXHIBITS; [PROPOSED] ORDER**<br><br>Reservation ID: 74154547<br>Hearing Information:<br>Date: December 13, 2023<br>Time: 10:00 am<br>Dept: C24<br>Judge: Hon. Scott Steiner |

**TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that on Wednesday, December 13 at 10:00 a.m., or as soon thereafter as this matter will be heard in Department C24 of the Central Justice Center located at 700 Civic Center Drive West, Santa Ana, CA 92701, Plaintiff, NESE ALTINEL ("ALTINEL") will, and hereby, does move the Court for a Writ of Attachment and right to Attach Order against Defendant BEAST GROUP, LLC. ("BEAST") in the amount of $ 221,301.98. ALTINEL respectfully requests that the

Court grant Plaintiff's application for a right to attach order and issue an Order of attachment against any and all deposit accounts, safe deposit boxes, monies, credits, rents, debts, effects due or owing to BEAST GROUP, LLC. in the possession or under the control of the person, business, firm, association, partnership, corporation, or financial institution, including any and all real property of Defendant for which a method of levy is provided.

This motion is brought pursuant to Code of Civil Procedure §§ 484.040 and 484.090 on the grounds that Plaintiff's claim is one upon which an attachment may be issued as a claim for money, based upon a written contract where the total amount of the claim or claims is a fixed or readily ascertainable amount not less than five hundred dollars.

This motion will be based on this Notice, the Memorandum of Points and Authorities, upon all papers and pleadings on file herewith, and upon such other oral and/or further material and argument as may be presented at or before any hearing on this matter.

Respectfully Submitted,

SARI LAW FIRM

Dated: November 20, 2023                    By: *Yakup Sari*
                                            Yakup Sari, Esq.
                                            Attorneys for Plaintiff
                                            NESE ALTINEL

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### 1. **INTRODUCTION**

NESE ALTINEL hereby moves the court for a right to attach order and order for issuance of writ of attachment against Defendant BEAST in the amount of $ 221,301.98.

### II. **Relevant Facts**

This case involves a written agreement between Plaintiff and BEAST. On December 12, 2022 Nese Altinel and Zafer Kaldirim on behalf of Beast Group, LLC entered into a stock purchase agreement to purchase 50% of BEAST GROUP, LLC`s shares. **(Declaration of Nese Altinel ¶4-6)**

Defendants promised to grant ownership of 50% shares of Beast Group, LLC when ALTINEL paid 300,000.00 dollars. However, Defendants would take official actions to make Nese Altinel an owner of the Company when she initially paid the first payment as stated in the contract which is $150,000.00. **(Declaration of Nese Altinel ¶5)**

Since Plaintiff had a business relationship that stemmed from previous investment into Beat Group, Inc and trust in their business relationship, Plaintiff wired $190,000.00 to Beast Group, LLC`s bank account and handed $75,000.0 cash to Defendants. **(Declaration of Nese Altinel ¶6)**

In Parties` business relationship at Beast Group, LLC and Beat Group, Inc., Plaintiff has never been granted any profits and was continuously prevented from accessing the Company`s current official financial data as of November 18, 2023. **(Declaration of Nese Altinel ¶8)**

In Beast Group, LLC`s affairs, Plaintiff was never granted the right to be involved within the company. As of today, Plaintiff was never asked to pay $35,000.00 to force her to comply with the terms of Stock Purchase Agreement. **(Declaration of Nese Altinel ¶9)** As of November 18, 2023, the California Secretary of State records show that Nese Altinel is not a member of Beast Group, LLC. **(Declaration of Nese Altinel ¶11)**

Defendants breached the agreement by failing to grant ALTINEL`s ownership and access to the Company`s affairs, financial data, and decision making circles. **If** the Court does not grant recovery in favor of Nese Altinel, Defendants would be unjustly enriched. **(Declaration of Nese Altinel ¶12)**

///

///

### 3.  **Procedural History**

On November 08, 2023, Nese Altinel filed a lawsuit against Zafer Kaldirim and Beast Group, LLC seeking 265,000.00 dollars actual damages based on the causes of action for Breach of Contract, Breach of Fiduciary Duty, Fraud, Negligent Misrepresentation, and Conversion.

### 4.  **Law & Argument**

#### 1.  **Legal Standard for an Order Issuing A Writ of Attachment**

"Attachment is a prejudgment remedy which requires a court to make a preliminary determination of the merits of a dispute." (*Lorber Industries v. Turbulence, Inc.*(1985) 175 Cal.App.3d 532, 535.) "'[A]ttachment procedures are solely creatures of statute and ... such statutes must be strictly construed.'" (*Bank of America v. Salinas Nissan, Inc.* (1989) 207 Cal.App.3d 260, 270 [citing *Arcata Publications Group v. Beverly Hills Publishing Co.* (1984) 154 Cal.App.3d 276, 279].) An act beyond those limits is in excess of its jurisdiction and void. (*Pacific Decision Sciences Corp. v. Superior Court* (2004) 121 Cal.App.4th 1100, 1106.)

At the hearing on an application for a right to attach order and writ of attachment, the Court "shall consider the showing made by the parties appearing and shall issue a right to attach order, which shall state the amount to be secured by the attachment determined by the court in accordance with Section 483.015. . . if it finds all of the following:
> (1) The claim upon which the attachment is based is one upon which an attachment may be issued.
> (2) The plaintiff has established the probable validity of the claim upon which the attachment is based.
> (3) The attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based.
> (4) The amount to be secured by the attachment is greater than zero."
> (Code Civ. Proc., § 484.090.)

It is Plaintiff's burden to show "(1) that [its] claim is one upon which an attachment may be issued and (2) the probable validity of such claim." (*Bank of America v. Salinas Nissan, Inc., supra*, 207 Cal.App.3d at p. 271.) A claim has "probable validity" where it is more likely than not that the plaintiff will obtain a judgment against the defendant on that claim. (Code Civ. Proc., § 481.190; *Lorber Industries v. Turbulence, Inc., supra*,175 Cal.App.3d at p. 535 [attachment "allows a creditor who has applied for an attachment following the statutory guidelines and established a prima facie claim to have a debtor's assets seized and held until final adjudication at trial."].)

///

"An application for a right to attach order must be supported by an affidavit or declaration showing that the applicant, on the facts presented, would be entitled to a judgment on the claim upon which the attachment is based." (*Lydig Construction, Inc. v. Martinez Steel Corp.* (2015) 234 Cal.App.4th 937, 944; Code Civ. Proc., § 484.030.) "The affidavit or declaration must state the facts 'with particularity.'" (*Lydig Construction, Inc. v. Martinez Steel Corp., supra*, 234 Cal.App.4th at p. 944; Code Civ. Proc., § 482.040.) The declarant "must show actual, personal knowledge of the relevant facts, rather than the ultimate facts commonly found in pleadings, and such evidence must be admissible and not objectionable." (*Lydig Construction, Inc. v. Martinez Steel Corp., supra*, 234 Cal.App.4th at p. 944.)

Pursuant to Code of Civil Procedure section 483.010, except as otherwise provided by statute, "an attachment may be issued only in an action on a claim or claims for money, each of which is based upon a contract, express or implied, where the total amount of the claim or claims is a fixed or readily ascertainable amount not less than five hundred dollars ($500) exclusive of costs, interest, and attorney's fees." (Code Civ. Proc. § 483.010, subd. (a).)

**2.   Breach of Contract**

"To prevail on a cause of action for breach of contract, the plaintiff must prove (1) the contract, (2) the plaintiff's performance of the contract or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damage to the plaintiff." (*Richman v. Hartley* (2014) 224 Cal. App. 4th 1182, 1186.)

**3.   Plaintiff Presents a Prima Facie Case for Breach of Contract and a Right to Attach Order**

Plaintiff has shown the probable validity of its claim.  It has shown the existence of the contract and presents evidence in the form of the Contract subject of this action as Exhibit A, attachment to Alitnel`s Declaration.

Plaintiff has also shown performance by transferring 265,000.00 dollars. Plaintiff has shown Defendant's breach of contract by showing that Plaintiff`s fifty percent of ownership has not been transferred and that they were not appointed as a member as stated in the official documents in the California Secretary of State`s data base: $190,000.00 which is readily ascertainable by simply adding wire transfer documents **Exhibit B,** attachment to Altinel`s Declaration.

///

Plaintiff has shown the attachment is sought for the purpose of securing its claim and has shown the amount to be secured is greater than zero **(Plaintiff Declaration of Altinel¶4-12).**

Civil Code §3289(b) states that interest on an agreement "shall bear interest at a rate of 10 percent per annum after a breach." The daily interest at 10% per annum is 52.05 reaching this figure by multiplying $190,000.00 by 0.0002739. The number of days from January 13, 2023, the date of the breach, to the date of this motion is 301 days multiplied by the daily interest rate of $52.05, yielding a pre-judgment interest of $15,668.50. **(Plaintiff Declaration of Altinel¶15).** Therefore thee amounts claimed are reasonable.

Further, Plaintiff is entitled to include pre-judgment interest and costs in the attachment amount. Plaintiff incurred Court & eFiling Fees of $463.48, process server fees of $170.00, totaling $663.48. Therefore, Plaintiff seeks $663.48 in costs. **(Plaintiff Declaration of Altinel ¶17-18)**

In addition, Section 14 of the agreement states "*If any legal action or other proceeding is brought to enforce the provisions of this Agreement, the prevailing party shall be entitled to recover reasonable attorney fees and other costs incurred in the action or proceeding, in addition to any other relief to which the prevailing party may be entitled.*" ALTINEL anticipates incurring at least $15,000 in attorney fees litigating this matter. Therefore, Altinel requests attorney fees of $15,000.00 be included in the writ. **(Plaintiff Declaration of Altinel ¶20-21).** The amounts claimed are reasonable. Therefore, the application for a right to attach order and order for issuance of a writ of attachment should be granted.

### 5. CONCLUSION

For the foregoing reasons, NESE ALTINEL respectfully requests that the Court grant Plaintiff's application for a right to attach order in the amount of $221,301.98 against Defendant and issue an Order of attachment against any and all deposit accounts, safe deposit boxes, monies, credits, rents, debts, effects due or owing to Defendant BEAST in the possession or under the control of the person, business, firm, association, partnership, corporation, or financial institution, including any and all real property of Defendant for which a method of levy is provided.

Respectfully Submitted,

Date: 11/20/1994                                     By:/s/ _Yakup Sari_

                                                    Yakup Sari, Esq. on behalf of Nese Altinel

 Gmail

**Yakup Sari <yakup@sarilaw.us>**

---

## Superior Court of Orange County - Motion Reservation Request - CONFIRMATION
1 message

**donotreply@occourts.org** <donotreply@occourts.org>                    Mon, Nov 20, 2023 at 6:02 PM
To: yakup@sarilaw.us



THE SUPERIOR COURT OF CALIFORNIA

# COUNTY OF ORANGE

Reserve a Motion Date

Your reservation request has been CONFIRMED by the Superior Court. The hearing date and time below has been reserved. You will be asked to provide your reservation number to the court at a later date.

MOVING PAPERS MUST BE E-FILED WITHIN 24 HOURS AFTER COMPLETING THE ON-LINE RESERVATION. Failure to submit your moving papers within 24 hours will result in the automatic CANCELLATION of the reservation.

NOTE: To expedite your motion, please place the appropriate Court Reservation number (e.g. 7XXXXXXX) on each Motion being submitted. If multiple motions are submitted on one document, all reservations numbers must be listed on the face page of the pleading.

Please do not reply to this email.

| | |
|---|---|
| Reservation Number: | 74154547 |
| | |
| Hearing Date: | December 13, 2023 |
| Hearing Time: | 10:00 AM |
| Department: | C24 |
| Motion Type: | Application for Right to Attach Order/Writ of Attachment |
| | |
| Case Number: | 30-2023-01362055-CU-BC-CJC |
| Case Title: | Altinel vs. Kaldirim |
| Judicial Officer: | Scott Steiner |
| | |
| Email: | yakup@sarilaw.us |
| Requestor Name: | Yakup Sari |
| Requestor Phone: | 9494265071 |
| Filing Party: | Nese Altinel |
| | |
| Date of Request: | November 20, 2023 |
| Time of Request: | 6:02 PM |
| Transaction Number: | 1000460771 |

**© 2022 Superior Court of Orange County**